**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **PETER J. MESSITTE**<br>**UNITED STATES DISTRICT JUDGE** | **6500 CHERRYWOOD LANE**<br>**GREENBELT, MARYLAND  20770**<br>301-344-0632 |

October 26, 2017

Linda Gough
6900 Wisconsin Ave
#30497
Bethesda, MD 20824

Paul J. Kennedy
Littler Mendelson PC
815 Connecticut Ave, NW
Suite 400
Washington, DC 20006

         RE: <u>Gough v. Bankers Life</u>
            Civil No. PJM 17-2341

Dear Ms. Gough and Mr. Kennedy:

The Court has received Ms. Gough's letter dated October 6, 2017, in which she asks the Court to consider appointing an attorney to represent her in the captioned litigation.  This letter was docketed by the Clerk's Office as a Motion to Appoint Counsel.

The Court will **DEFER** decision on the Motion to Appoint Counsel, ECF No. 7.  The due date for responding to Defendant's Motion to Dismiss, ECF No. 5, is **SUSPENDED,** pending resolution of the request for appointment of counsel.

If Mr. Kennedy will agree, the Court is prepared to correspond with Ms. Gough directly (without involvement of defense counsel) with regard to her request for the appointment of an attorney.

By this letter, therefore, the Court is asking Mr. Kennedy to communicate with Chambers and indicate whether he is agreeable to my communicating directly with Ms. Gough on the issue of the appointment of an attorney.

In that regard: Ms. Gough should understand that the appointment of an attorney, even if she is financially eligible, is not automatic.  Moreover, Ms. Gough and Mr. Kennedy should both understand that, in the limited circumstances where the Court does determine that an individual qualifies for *pro bono* representation, it is not the Court's practice to immediately appoint an attorney to undertake full-scale *pro bono* representation.  The Court's usual practice is to ask an attorney to undertake up to five (5) hours of investigation and prepare a confidential report to the Court, indicating whether or not, in the attorney's opinion, the party requesting representation has

at least a colorable claim. On the basis of that report, the Court will then determine the extent to which, if at all, an attorney (not necessarily the investigating attorney) should be appointed to undertake further representation of the party in the matter. Even then, the attorney's appointment may be limited to responding to a motion to dismiss or a motion for summary judgment.

With that in mind, the Court asks to hear from Mr. Kennedy within the next ten (10) days regarding the issue of my future contact with Ms. Gough.

The Court will then consider whether to appoint counsel for a period of up to five hours to determine if there is any substance to Ms. Gough's Complaint. This attorney, however, would not "represent" Ms. Gough, but instead would submit a report *ex parte* to the Court as to whether or not the attorney believes Ms. Gough has a colorable claim. Following the Court's review of the report, the Court will determine whether the appointment of counsel to provide future representation to Ms. Gough may be appropriate.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                                                Sincerely yours,

                                                          /s/

                                                Peter J. Messitte
                                                United State District Judge


cc:     Court File