IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDA GOUGH, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. PJM 17-2341 |
| BANKERS LIFE AND CASUALTY COMPANY, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On August 15, 2017, Linda Gough, *pro se*, filed a Complaint against her former employer, Bankers Life and Casualty Company ("Bankers Life"), care of Omar Torres, a Unit Sales Manager at Bankers Life. The Complaint alleged that Bankers Life discriminated against her by paying "unfair wages" based on her sex, as well as misclassified her as an independent contractor when she performed the job responsibilities of an employee, a classification that would entitle her to additional benefits under federal and state wage and labor laws. Gough seeks damages comprising lost wages, unemployment benefits, and costs of bringing this action. Bankers Life filed a Motion to Dismiss on October 2, 2017. ECF No. 5. After numerous delays and additional proceedings, Bankers Life's Motion to Dismiss is more than ripe for ruling.

For the following reasons, Bankers Life's Motion to Dismiss is **GRANTED**. Gough, however, is given 30 days to refile her claim as a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* If she fails to act within that time, her suit will be dismissed.

1

# I. FACTUAL AND PROCEDURAL HISTORY

Gough's Complaint states that she worked for Bankers Life as an "insurance agent" approximately from February, 2016, through July, 2016. ECF No. 1 at 5–6. She describes spending two days per work week at Bankers Life's office making phone calls for approximately eight hours each day to pursue sales leads, while spending the remaining three days per work week meeting with clients and preparing materials. *Id.* at 6. Gough claims that Bankers Life employed her in a "1099 position," and that Bankers Life classified its workers this way in order to avoid paying unemployment benefits and complying with federal and state minimum wage laws. *Id.* at 6–7. The Complaint does not address the reason why Gough stopped working for Bankers Life after July, 2016.

On May 8, 2017, Gough filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that Bankers Life had engaged in discriminatory conduct. *Id.* at 6. Without making a merits determination, the EEOC issued Gough a Notice of Right to Sue letter, which she received on May 18, 2017. Gough then filed the present Complaint in this Court on August 15, 2017.

On October 2, 2017, Bankers Life filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. It asserted that Gough had failed to state a claim for relief based on either sex discrimination for unequal wages or misclassification of employment status. ECF No. 5. In response, Gough filed a Motion to Appoint Counsel on October 6, 2017. ECF No. 7.

The Court deferred decision on Gough's Motion to Appoint Counsel and suspended the due date for Gough to respond to Bankers Life's Motion to Dismiss, pending appointment by the Court of counsel to conduct a limited investigation and prepare an *ex parte* confidential report to the Court whether Gough had pled any colorable claims. ECF No. 11. Bankers Life agreed to the Court proceeding in this way. On November 20, 2017, the Court appointed Cori M. Cohen,

2

Esquire, of the firm of Gilbert Employment Law, to conduct *ex parte* review of Gough's claims. ECF No. 14.

Cohen completed her *ex parte* review of Gough's claims in late January, 2018. While she doubted that Gough had pled a colorable claim of sex discrimination, Cohen concluded Gough had stated sufficient facts to plead possible FLSA claims. A copy of Cohen's report was shared with Gough.

The Court then issued its first Order Appointing a different Pro Bono Counsel for Gough. ECF No. 16. Initial *pro bono* counsel, however, withdrew, citing the demands of operating a small firm practice, after which the Court issued a second Order Appointing Pro Bono Counsel for Gough on April 20, 2018. ECF No. 19. Gough's second *pro bono* counsel filed a Motion to Withdraw on June 25, 2018, citing irreconcilable differences with Gough. ECF No. 26. The Court granted this Motion on June 27, 2018, and simultaneously lifted the suspension of Gough's obligation to respond to Bankers Life's Motion to Dismiss. ECF No. 28.

On July 6, 2018, Gough submitted a letter to the Court requesting a competency evaluation of herself to preempt any possible contention by Bankers Life that she is mentally incompetent and unable to represent herself. ECF No. 32. In the same letter, Gough also requested that the Court order that she receive compensation for the expense of representing herself *pro se*. *Id.* The Court denied both of her requests by Order dated July 17, 2018. ECF No. 33.

Finally, acting *pro se*, Gough filed her Opposition to Bankers Life's Motion to Dismiss on July 31, 2018. ECF No. 35. In it, she made no reference to a possible FLSA claim. Bankers Life filed its Reply on August 13, 2018.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he] is entitled

3

to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). But this standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In the end, the complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

Federal courts have an "obligation to liberally construe a *pro se* [c]omplaint" and may consider additional facts and information supporting the complaint that is provided in an opposition to a motion to dismiss. *See Rush v. Am. Home Mortg., Inc.*, 2009 U.S. Dist LEXIS 112530, at *11-12 (D.Md. Dec. 3, 2009). However, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)). Accordingly, although the facts alleged in a *pro se* plaintiff's complaint must ordinarily be taken as true, bare conclusory statements "are not entitled to the assumption of

truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted).

### III. LEGAL ANALYSIS

Bankers Life argues that Gough has failed to plead sufficient facts to support her claims of sex discrimination and misclassification. While Bankers Life concedes that complaints filed by *pro se* litigants are held to a less stringent standard than those filed by attorneys, it alleges that Gough has failed to satisfy the plausibility standard necessary to support her claims. The Court agrees.

### A.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment," based on such individual's sex. 42 U.S.C. § 2000e-2(a). Similarly, the Equal Pay Act ("EPA") prohibits an employer from discriminating "on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work". 29 U.S.C. § 255.

Under Title VII, in order to plead a *prima facie* case of sex discrimination a plaintiff must demonstrate (1) that she is female, and (2) the work she performed was similar to work performed by males, for which the males received higher pay. *Brinkley-Obu v. Hughes Training*, 36 F.3d 336, 343 (4th Cir. 1994).

Under the EPA, a plaintiff must show that an employer has paid different wages to employees of the opposite sexes for equal work in jobs that require equal skill, effort and responsibility and that are performed under similar working conditions. *Corning Glassworks v. Brennan*, 417 U.S. 188, 195 (1974); *Fowler v. Land Management*. A plaintiff may also plead a *prima facie* case by comparing her salary to that of her predecessor or successor. 29 C.F.R. § 1620.13(b)(2), (4) and (5).

Gough has plainly failed to satisfy the requirements to plead a *prima facie* case of sex discrimination under both Title VII and the EPA. Her Complaint offers mere conclusory statements that she was paid "unfair wages" because of her gender. ECF No. 1 at 5. She cites no factual evidence to support her claim: no breakdown by gender of Bankers Life's other workers and their salaries, no comparisons of her earnings to those of her male colleagues, no additional allegations or examples of disparate treatment due to her gender. Even drawing all inferences favorable to Gough, it is impossible to unearth a plausible claim of sex discrimination when Gough presents no factual evidence of such due to her gender. Accordingly, the Court dismisses Gough's sex discrimination claim against Bankers Life.

### B.

While Gough does not cite any statutory or common law basis for bringing a claim against Bankers Life because it "misclassified [her] job title," ECF No. 1 at 5, it appears she may be claiming that Bankers Life has violated the FLSA by classifying her as an independent contractor when she performed job functions sufficient to classify her as an employee. In that case, she may be entitled to attendant benefits such as unemployment insurance and minimum wage guarantees. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," and defines "employ" as "to suffer or permit work." 29 U.S.C. § 203(d), (g).

To determine whether a worker is an employee deserving of FLSA protections, federal courts apply an "economic reality test." *Heath v. Perdue Farms, Inc.*, 87 F.Supp.2d 452, 456 (D. Md. 2000). This test balances several factors: "(1) the degree of control which the putative employer has over the manner in which the work is performed; (2) the opportunities for profit or loss dependent upon the managerial skill of the worker; (3) the putative employee's investment in equipment or material; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) whether the service rendered is an integral part of the putative

employer's business." *Id.* The "label that the parties give to their relationship" is not the controlling factor in the test. *Id.*

The only facts in Gough's Complaint that allege "misclassification" are that, in the course of her work, she "reported to [Bankers Life's] office 2x/wk [sic] and made phone calls 8 hr [sic] days. The other 3 days I met with clients and prepared material." ECF No. 1 at 6. Further, Gough presents a few facts that arguably weigh against her misclassification claim, such as the fact that Bankers Life only provided its workers with "software uploaded to agent personal computer and phone," while workers were required to pay for "leads, paper, car, gas, wear and tear on vehicle, computer, phone" and "commissions insurance." ECF No. 10-1 at 24. While these allegations are quite thin, they may be sufficient to support a plausible claim that she should have been classified as an "employee" under the "economic reality test." This may well be fleshed out by appropriate discovery on Gough's part, although it will surely be a challenge for her to be able to achieve this.

Given that, the Court will grant Gough 30 days to file an Amended Complaint pleading (1) Bankers Life misclassified her as an independent contractor during the course of her employment, and (2) the FLSA does not exempt her from its protections. The Court is reluctant to dismiss the misclassification claim at this juncture because the parties have not fully addressed these essential elements. The Court strongly encourages Gough to retain counsel who may be willing to represent her on the basis of a contingency fee, but the Court will not appoint another *pro bono* counsel. The Court is concerned that both of Gough's previously appointed *pro bono* counsel withdrew from this case, which strongly suggests that Gough should moderate any behavior that may have encouraged her prior counsel to seek release of their obligations to represent her. If Gough is unable to obtain and work with her own privately retained counsel productively to file an Amended Complaint, or, alternatively, if she is unable to file *pro se* an

7

Amended Complaint that satisfies the plausibility standard, the Court will have little choice but to direct the Clerk of the Court to close this case.

## IV. CONCLUSION

For the foregoing reasons, Bankers Life's Motion to Dismiss for Failure to State a Claim (ECF No. 5) is **GRANTED**. Gough shall have 30 days to file an Amended Complaint consistent with the Court's rulings herein.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**September 21, 2018**

8